IMG-278                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3766
_____

OVIANIE ALTINE; LOCHART PROPHETE,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency Nos. A79 508 960, A96 277 754
Immigration Judge:  Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010
Before: MCKEE, Chief Judge, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed : September 13, 2010)
_____

OPINION
_____

PER CURIAM

Lochart Prophete and Ovianie Altine, husband and wife, petition for review of an

order of the Board of Immigration Appeals ("BIA" or "Board"), which dismissed their

appeal from an Immigration Judge's ("IJ") final removal orders.  We will dismiss the

joint petition for review for lack of jurisdiction.

I.

Altine and Prophete are natives and citizens of Haiti who arrived in the United States in 2001 and 2002 respectively. The Government charged both with being inadmissible and issued them notices to appear. Both petitioners filed timely applications for asylum, withholding of removal, and for protection under the United Nations Convention Against Torture ("CAT"). The applications were consolidated. In testimony before the IJ, Altine, the lead petitioner, recounted a June 2001 incident during which three men broke into the political office building she was cleaning, asked for her cousin, who was a magistrate and who had been a candidate for mayor. The men brandished a gun and raped her.

Prophete testified that in December 2001 two men forced him into a vehicle and took him to a room, beat him with a rubber baton, and kicked him in the head. Prophete, a French professor, stated that the men accused him of being an "intellectual giving problems in [Haiti]," and he feared returning to work because he knew of other professors who had been beaten and killed. A.R. at 251. He left for the United States one year after the attack. Prophete testified that he feared returning to Haiti due to the unstable political situation in the country.

The IJ, finding the testimony of both petitioners credible, denied Altine's claims

2

because she did not show that men who raped her were individuals the government of Haiti was unable or unwilling to control or that the rape was calculated to persecute her on account of a protected ground. A.R. at 90. The IJ also found that she did not explain why she feared returning to Haiti, and she thus failed to show a well-founded fear of future persecution.

Similarly, the IJ found that while Prophete's testimony was credible, he failed to identify his persecutors and could not prove that they were government agents or forces the government was unable or unwilling to control. Further, according to the IJ, Prophete failed to present evidence that professors in Haiti are a social group subject to persecution. As in his wife's case, the IJ found that Prophete's fear of general lawlessness in Haiti was not a valid basis for a well-founded fear of future persecution. Finally, the IJ found that neither petitioner was eligible for relief under the CAT. Petitioners appealed to the BIA, which affirmed the IJ's findings and dismissed the appeal. The petitioners filed a timely petition for review.

II.

We have jurisdiction to review a removal order pursuant to 8 U.S.C. § 1252, but we may "review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). A petitioner must "raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330

3

F.3d 587, 594-95 (3d Cir. 2003).

Altine and Prophete raise only one issue in their brief here: "whether the [record] evidence of country conditions in Haiti for 2001, the only year in which the petitioners were persecuted, was so deficient in content that the 'findings of fact' on which the denials are based lack substantial evidence in the record as a whole, and amount to unlawful agency action that must be reversed and remanded to afford petitioners a proceeding providing fundamental procedural fairness." Petitioners' Brief at 2-3. Petitioners argue that the IJ should have introduced the State Department's Country Report on Human Rights Practices for Haiti for the year 2001, because the only report in the record describing 2001 conditions in Haiti is a 2004 State Department "Background Note" which is not detailed enough to give a proper context for Petitioners' claims. Petitioners state that they exhausted administrative remedies for this claim because their notice of appeal to the Board states that the IJ's denial of asylum relief "represents an improper application of controlling legal principals [sic]." A.R. 43.

We agree with the Government that nothing in Petitioners' notice of appeal or brief to the Board alerts the Board to a claim that the record was inadequate or that the matter needed to be remanded for consideration of the 2001 Country Report or any other evidence. Instead, Petitioners argued that the IJ erred in denying relief on the basis of evidence already in the record. Because we lack jurisdiction to consider the only issue

raised by Petitioners, we must dismiss the petition for review.